UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SOUTH CAROLINA DEPARTMENT OF CONSUMER AFFAIRS,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE; COMMUNITY FUNERAL HOME, F/K/A COMMUNITY FUNERAL HOME, INC, F/K/A JAMES COMMUNITY FUNERAL HOME; AND LEROY JAMES AND ROSE JAMES INDIVIDUALLY,<br><br>Defendants. | Case No.   3:17-1729-JFA |

**PLAINTIFF'S COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 65.01, Plaintiff South Carolina Department of Consumer Affairs hereby applies to this Court for a temporary restraining order and preliminary injunction. In support of the motion, Plaintiff states as follows:

**PARTIES**

1.      Plaintiff South Carolina Department of Consumer Affairs ("the Department") is an administrative agency of the State of South Carolina, created by and existing under the authority of the State of South Carolina. The Department, by and through its Administrator, is charged with the administration and enforcement of the South Carolina Consumer Protection Code ("the Code"), S.C. Code Ann. § 37-1-101, *et seq*. (2015), as well as Chapter 7 of Title 32 of the South Carolina Code of Laws pertaining to preneed funeral contracts.

1

2.	Defendant Internal Revenue Service ("IRS") is a bureau within the United States Department of the Treasury and is responsible for the determination, assessment, and collection of internal revenue under the Internal Revenue Code pursuant to 26 U.S.C. Sections 7801 and 7803, as well as all other IRS rules, regulations, policies, procedures, and practices.

3.	Defendant Community Funeral Home ("Community") was a funeral home in Sumter, South Carolina whose assets were seized by the IRS in September 2016 after Community failed to pay federal taxes.

4.	According to the records of the South Carolina Department of Labor, Licensing, and Regulation ("LLR"), Defendant Leroy James was the sole owner and proprietor of Community Funeral Home at the time of the IRS's seizure of Community's assets in September 2016. According to LLR's records, Defendant Rose James was an additional owner in 2008.

## JURISDICTION AND VENUE

5.	Subject matter jurisdiction is proper under 26 U.S.C. § 7426(a)(2), as hereinafter more fully appears.

6.	Venue and personal jurisdiction are proper in the District of South Carolina, as the Department is an administrative agency of South Carolina, the IRS is a federal agency with the authority to act in South Carolina, Community formerly was a business located in South Carolina, and Leroy James and Rose James are residents of South Carolina.

## RELEVANT FACTS

7.	The Department brings this action to halt the IRS's refunding of excess auction proceeds to a third party, Community in Sumter, South Carolina through its owner, Defendant Leroy James, after real estate and personal property of Community's was seized and sold by the IRS at an auction on March 15, 2017.

8. On February 24, 2017, the Department was informed by the LLR that Community was shut down by the IRS and its assets seized for failure to pay federal taxes. The Department also learned from files and receipt books received from LLR dated 1998 through 2004 that Community was selling preneed funeral contracts without a preneed funeral license. From these files and receipt books, the Department's investigators identified thirteen (13) total preneed funeral contracts that had not yet been performed with at least $36,121.00 paid to Community by South Carolina consumers pursuant to these contracts.

9. Since the investigation began, the Department has received three (3) additional confirmed preneed funeral contracts from South Carolina consumers, bringing the total number of preneed funeral contracts to sixteen (16) and the amount of funds that should have been held in trust to $45,549.50. The Department believes it is likely to receive additional complaints from other South Carolina consumers who purchased preneed funeral contracts from Community.

10. S.C. Code Ann. § 32-7-50(A) (2012) states: "Without first securing a license from the department, no one, except a financial institution, may accept or hold payments made on a preneed funeral contract." Upon information and belief, as a part of its business, Community engaged in the sale of preneed funeral contracts to South Carolina consumers without the license required by state law to sell preneed funeral contracts.

11. S.C. Code Ann. § 32-7-45(B) (2009) states:

The department has jurisdiction over the provider and the insurance policy or trust funds together with interest of all active contracts and has the authority to accomplish the necessary transfer of preneed funeral contracts in all cases in which the purchaser has failed to effectuate the transfer to a licensed provider within six months of the date the provider's license issued by the State Board of Funeral Service is cancelled or the license to sell preneed funeral contracts is cancelled and an application for a replacement license has not been filed.

Upon information and belief, Community has in its possession active preneed funeral contracts that must be transferred to licensed funeral homes.

      12.      S.C. Code Ann. § 32-7-20(A)(1) (2009) states:

> All payments of money made to a person upon an agreement or contract or a series or combination of agreements or contracts, but not including the furnishing of cemetery lots, crypts, niches, mausoleums, grave markers, or monuments, which has for a purpose the furnishing or performance of funeral services or the furnishing or delivery of personal property, merchandise, or services of any nature in connection with the final disposition of a dead human body, to be furnished or delivered at a time determinable by the death of the person whose body is to be disposed of, are held to be trust funds.

Upon information and belief, Community did not deposit monies paid to it by South Carolina consumers in trust as it was required to do under South Carolina law.

      13.      S.C. Code Ann. § 32-7-60 relates to the Department's Preneed Funeral Loss Reimbursement Fund. The Department administers this fund "to reimburse the estates of beneficiaries of preneed funeral contracts . . . who have suffered financial loss as a result of the misfeasance, fraud, default, failure, or insolvency of a South Carolina funeral home or South Carolina funeral director." S.C. Code Ann. § 32-7-60(A). S.C. Code Ann. § 32-7-60(D) also states, in pertinent part:

> If the department makes payments from the fund under this section, the department is subrogated in the reimbursed amount and may bring an action against a person, including a preneed licensee. The department may enforce claims it may have for restitution or otherwise and may employ and compensate from the fund consultants, legal counsel, accountants, and other persons it considers appropriate to ensure compliance with this section.

Because Community's assets were liquidated at the IRS's auction on March 15, 2017, Community no longer has any means to fund these preneed contracts once they are transferred to funeral homes licensed to sell preneed funeral contracts. While the Department has the ability to subrogate any funds it pays out on behalf of Community's customers in a separate action, the excess proceeds

4

now in the possession of the IRS are the best means of funding these preneed contracts in an efficient and timely manner.

## FOR A FIRST CAUSE OF ACTION
(Temporary Restraining Order)

14. To the extent that they are consistent with the pleadings herein, the above paragraphs are incorporated as if repeated verbatim.

15. The Department has a substantial likelihood of success on the merits of the underlying case against Community. Firstly, Community violated S.C. Code Ann. § 32-7-50(A) for selling preneed funeral contracts without the license required by state law. Furthermore, due to Community's failure to hold the funds of consumers who purchased preneed funeral contracts in trust, Community violated S.C. Code Ann § 32-7-20(A)(1).

16. The balance of hardships weighs decidedly in the Department's favor. There is a substantial threat of irreparable damage to the South Carolina consumers if the IRS is not enjoined from refunding excess proceeds of its auction back to Community. Conversely, if this Court prevents the IRS from refunding the excess proceeds to Community, it would merely maintain the status quo until the Department is able to determine its right to those proceeds on behalf of South Carolina consumers.

17. Finally, the public interest favors enjoining the IRS from refunding excess proceeds to Community. It is in the public interest that those who have been or could be harmed by the actions of Community be made whole again without undue delay or hardship and that Community not be permitted to benefit from their conduct. This delay and hardship can be avoided if the Department is given time to secure its right to the excess proceeds on behalf of South Carolina consumers before Community is refunded.

18. The Department therefore seeks a TRO and preliminary injunction:

      a. Temporarily restraining and enjoining the IRS from disbursing any of the excess proceeds of the March 15, 2017 auction until the Department is able to have a hearing regarding its request for a preliminary injunction from this Court.

      b. Providing for other equitable relief as the Court deems appropriate.

### FOR A SECOND CAUSE OF ACTION
(Preliminary Injunction)

19. To the extent that they are consistent with the pleadings herein, the above paragraphs are incorporated as if repeated verbatim.

20. The Department has a substantial likelihood of success on the merits of the underlying case against Community. Firstly, Community violated S.C. Code Ann. § 32-7-50(A) for selling preneed funeral contracts without the license required by state law. Furthermore, not holding the funds of consumers who purchased preneed funeral contracts from Community in trust, Community violated S.C. Code Ann § 32-7-20(A)(1).

21. The balance of hardships weighs decidedly in the Department's favor. There is a substantial threat of irreparable damage to the South Carolina consumers if the IRS is not enjoined from refunding excess proceeds of its auction back to Community. Conversely, if this Court prevents the IRS from refunding the excess proceeds to Community, it would merely maintain the status quo until the Department is able to determine its right to those proceeds on behalf of South Carolina consumers.

22. Finally, the public interest favors enjoining the IRS from refunding excess proceeds to Community. It is in the public interest that those who are harmed by the actions of Community be made whole again without undue delay or hardship and that Community not be permitted to benefit from their conduct. This delay and hardship can be avoided if the Department is given time

to secure its right to the excess proceeds on behalf of South Carolina consumers before Community is refunded.

23. The Department therefore seeks a preliminary injunction:

    a. Enjoining the IRS from disbursing any of the excess proceeds of the March 15, 2017 auction until a judgment is entered regarding the Department's rights to the proceeds from the IRS's auction on behalf of South Carolina consumers.

    b. Providing for other equitable relief as the Court deems appropriate.

24. A memorandum in support of TRO and injunction and proposed order for TRO and injunction are filed concurrently.

WHEREFORE, Plaintiff respectfully prays this Court enter judgment for Plaintiff and enter the proposed TRO and preliminary injunction.

Dated: June 30, 2017　　　　　　　　　Respectfully submitted,

                                              s/ James C. Copeland
                                              Kelly H. Rainsford, Federal Bar #10209
                                              James C. Copeland, Federal Bar #12318
                                              South Carolina Department of Consumer Affairs
                                              2221 Devine Street, Suite 200
                                              P.O. Box 5757
                                              Columbia, South Carolina 29250-5757
                                              Telephone: 803-734-4200
                                              KRainsford@scconsumer.gov
                                              JCopeland@scconsumer.gov